**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re First Solar Derivative Litigation, | No. CV-12-00769-PHX-DGC<br><br>**ORDER** |

On September 14, 2012, nominal Defendant First Solar filed a motion to stay this derivative action pending resolution of a securities class action that involves substantially the same issues (*Smilovitz v. First Solar Inc., et al.*, No. 2:12-cv-00555-DGC). Doc. 38. The motion has been fully briefed. Docs. 40, 42. For the reasons that follow the Court will grant Defendant's motion and stay the derivative suit pending resolution of the class action.[1]

**I.   Background.**

First Solar manufactures solar panel modules. On February 28, 2012, the company announced that losses from a manufacturing excursion or defect had been greater than the company anticipated and that the revenue and earnings for the fourth quarter of 2011 had been lower than expected. Doc. 38 at 6-7. The company also announced that it had increased its warranty reserve to account for additional product failures in hot climates. *Id*. The next day, First Solar's stock prices decreased 11% and several lawsuits followed.

Both the class action before this Court and this derivative suit allege that officers

---

[1] The request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

and directors of First Solar withheld material information regarding the product defects, manipulated its cost-per-watt metric and warranty reserves, and engaged in insider trading. The derivative suit names additional director and officer defendants and includes several state law claims, but both the derivative suit and the class action rely on the same misrepresentations, omissions, and underlying facts. First Solar moves to stay the derivative suit for three reasons: (1) prosecuting this case now creates a risk of prejudicing the defense of the Securities Class Action, (2) Plaintiffs' requested relief depends on the outcome of the Securities Class Action, and (3) because the cases are based on the same events and will require litigation of the same issues, staying this case will promote judicial efficiency. Doc. 38 at 11.

## II. Legal Standard.

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). The Court must weigh the competing interests affected by the granting or refusal of the stay, including "the possible damage which may result from the granting of stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265 (9th Cir. 1962)). The Court may also consider whether it is "efficient for its own docket and the fairest course for the parties to enter a stay pending resolution of independent proceedings which bear upon the case," even if the issues in such proceedings are not necessarily controlling of the action before the Court. *Id.* (quoting *Levya v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979)). However, a "stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Id.* (quoting *Levya*, 593 F.2d. at 864).

### III. Analysis.

Defendant contends that litigating this derivative law suit at this time is not in the best interests of the corporation because the nature of the derivative suit will require First Solar to allege wrongdoing on the part of its officers and directors while maintaining the innocence of the same officers and directors in the class action. Several cases hold that this argument is a sufficient reason to stay a derivative action. *See Brenner v.* Albrecht, No. 6514-VCP, 2012 WL 252286 (Del. Ch. Jan. 27, 2012); *Cucci v. Edwards*, No. 07-532, 2007 WL 3396234 (C.D. Cal. Oct. 31, 2007); *Burdno v. Wise*, No. Civ. A. 19953, 2003 WL 1874750 (Del. Ch. Apr. 1, 2003); *but see Smith v. Sperling*, No. CV-11-0722, 2012 WL 79237 at *2 (D. Ariz. Jan. 11, 2012).

The Court agrees with the cases that have imposed a stay in similar circumstances. Both suits involve the same public statements and disclosures. Although the derivative action includes state law claims that are not present in the class action, those claims are based on the same alleged wrongdoing as the class action. Defendant will face the practical difficulty of pursuing potentially divergent strategies if the two actions are litigated simultaneously. In addition, simultaneous litigation will increase the cost of the overall litigation in the near term, and it is at least reasonably possible that resolution of the class action case will lead to prompt resolution of the derivative action, saving litigation costs and court resources in the long term.

Plaintiffs argue that the corporation will be harmed by a stay because their litigation could be delayed for years. The Court has no intention of permitting the class action to be litigated for years. The Court will set a vigorous schedule for resolution of the class action and will hold that parties to that schedule. Indefinite delay will not occur.

**IT IS ORDERED** that First Solar's motion to stay the derivative suit pending the resolution of the shareholder class action (Doc. 38) is **granted.**

Dated this 17th day of December, 2012.

David G. Campbell
United States District Judge