**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re First Solar Derivative Litigation | No. CV-12-00769-PHX-DGC |
| | **ORDER** |

Plaintiffs ask the Court to lift the stay in this matter. Doc. 57. Plaintiffs' motion is fully briefed, and the Court held a hearing on February 17, 2016. The Court will lift the stay in part, permit Plaintiffs to amend their complaint, and then permit Defendants to file a motion to dismiss. The Court will not allow discovery at this stage of the litigation. If the Court denies the motion to dismiss, it will decide whether additional litigation should occur before resolution of the securities fraud action.

**A.   Partial Lifting of the Stay.**

In March 2012, securities fraud class actions were filed against First Solar, Inc., and several of First Solar's officers and directors, and were consolidated into a single proceeding. *See* CV-12-00555. Shareholder derivative actions followed, and were consolidated in this case. On December 17, 2012, the Court granted Defendants' motion to stay this litigation pending resolution of the securities fraud case. Doc. 45.

The securities fraud case proceeded apace through the summary judgment stage, but the Court encountered inconsistent case law in the Ninth Circuit that bore directly on the motion for summary judgment. The Court denied the motion for summary judgment,

but suggested that the Ninth Circuit take an interlocutory appeal to clarify its case law concerning loss causation because the clarification could result in summary judgment in the securities fraud case. The Ninth Circuit agreed, and the securities fraud case is now on appeal. Defendants estimate that the initial decision on that appeal will be rendered in mid-2017. If *en banc* proceedings are required, the appeal could stretch into 2018.

Given this lengthy and unexpected delay in the securities fraud case, the Court concludes that this derivative action should not remain stayed entirely. There appear to be some preliminary issues that can and should be resolved now. Whether the resolution of those issues should be followed by more complete litigation of this action is a question to be decided later. For now, the Court concludes that the stay should be lifted to permit amendment of the complaint and resolution of a motion to dismiss focused on Plaintiffs' alleged lack of standing under Rule 23.1.

**B.     Discovery.**

This is a derivative action brought by shareholders of First Solar, Inc. on behalf of the corporation. The Supreme Court has provided this explanation of derivative actions:

> The derivative form of action permits an individual shareholder to bring suit to enforce a corporate cause of action against officers, directors, and third parties. Devised as a suit in equity, the purpose of the derivative action was to place in the hands of the individual shareholder a means to protect the interests of the corporation from the misfeasance and malfeasance of faithless directors and managers. To prevent abuse of this remedy, however, equity courts established as a precondition for the suit that the shareholder demonstrate that the corporation itself had refused to proceed after suitable demand, unless excused by extraordinary conditions.

*Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 95-96 (1991) (formatting, quotation marks, and citations omitted).

Federal Rule of Civil Procedure 23.1 governs shareholder derivative actions. Consistent with the historical nature of these suits, the rule imposes several requirements, including that the complaint allege with particularity "any effort made by the plaintiff to

obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members," and any "reasons for not obtaining the action or not making the effort." Fed. R. Civ. P. 23.1(b)(3).

Plaintiffs' amended complaint alleges that they "did not make a demand on the Board to institute this action against the Individual Defendants because such demand would be a futile and useless act." Doc. 36, ¶ 216.  The complaint contains 21 lengthy paragraphs explaining why a demand would have been futile.  *Id.*, ¶¶ 217-232, 234-238.  Plaintiffs also allege that any demand was excused because the directors' conduct was not a valid exercise of business judgment. *Id.*, ¶ 233.

Defendants make clear that they intend to file a motion to dismiss based on Plaintiffs' failure to make a demand on First Solar's board and Plaintiffs' alleged inability to show that such a demand would have been futile. Doc. 59 at 14. Plaintiffs intend to oppose such a motion, and ask the Court to permit limited discovery and an amendment of their complaint before the motion is filed. Defendants respond that discovery is not allowed in a Rule 23.1 case until Plaintiffs have cleared the threshold requirements of Rule 23.1.

Federal courts of appeals have held that the availability of discovery in a Rule 23.1 case is within the discretion of the district court. *See*, *e.g.*, *Halebian v. Berv*, 644 F.3d 122, 133 (2nd Cir. 2011); *Fagin v. Gilmartin*, 432 F.3d 276, 285 (3rd Cir. 2005). Defendants note that the Ninth Circuit has not addressed this issue, but cite district court cases holding that discovery is not permitted until a plaintiff has cleared the Rule 23.1 threshold. *See, e.g., In re MIPS Techs., Inc. Derivative Litig.*, 542 F. Supp. 2d 968, 979 (N.D. Cal. 2008); *In Re Openwave Systems, Inc., Shareholder Derivative Litigation*, 503 F. Supp. 2d 1341, 1352-53 (N.D. Cal. 2007).

The decision in *MIPS* relied on *Openwave*, which in turn relied on *In Re First Bancorp Derivative Litigation*, 407 F. Supp. 2d 585, 586-887 (S.D.N.Y. 2006).  The district court in *Bancorp* provided this explanation for concluding that discovery should not be permitted before a motion to dismiss has been resolved in a Rule 23.1 case:

> [T]he very existence of [Rule 23.1] bears testament to Congress' concern that derivative actions – in which individual shareholders seek, in effect, to speak for the corporation – may often partake of their own special abuses and therefore ought to be subject to early scrutiny by the courts. Accordingly, whether or not required to do so by state law implications, the Court believes that in cases such as the instant ones, it is appropriate for the Court, in the exercise of its discretion, to stay discovery for the short time necessary to hear and decide a motion to dismiss under Rule 23.1.

407 F. Supp. 2d at 587.

The Court does not find this reasoning to be fully persuasive. Congress did not enact Rule 23.1. *See* Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1821. The rule instead was adopted through the rulemaking procedures of the Rules Enabling Act, 28 U.S.C. §§ 2071-2077, and the 1966 advisory committee note to Rule 23.1 (when the rule was adopted) says nothing about this intent. The Court agrees, however, that Rule 23.1 reflects the historical policy of preventing abusive derivative suits by requiring plaintiff shareholders to make a suitable demand on the board of directors or show that such a demand would be futile. *Kamen*, 500 U.S. at 95-96.

The Court also notes that *Bancorp* viewed its denial of discovery as an "exercise of its discretion." 407 F. Supp. 2d at 587. This comports with other courts which have held that early discovery in a Rule 23.1 case is discretionary. *Halebian*, 644 F.3d at 133, *Fagin*, 432 F.3d at 285.[1]

Assuming that the Court has discretion to permit discovery in this case, the Court nonetheless finds that discovery should not be allowed at this preliminary stage. As noted above, Plaintiffs allege that any demand on First Solar's board would have been "a futile and useless act." Doc. 36, ¶ 216. In other words, Plaintiffs claim that conditions existing *before they filed suit* made clear that any demand on the board would have been

---

[1] The Ninth Circuit has assumed, without deciding, that some discovery could be permitted in connection with a Rule 23.1 motion to dismiss. *See Quinn v. Anvil Corp.*, 620 F.3d 1005, 1015 (9th Cir. 2010). Because the Court will make the same assumption, it need not consider, as some courts have, whether the availability of discovery in derivative actions is a matter of state or federal law.

- 4 -

futile. As one court has explained:

> When a plaintiff fails to make a pre-suit demand upon the board they must be aware, at the time of filing the complaint, of particularized facts which lead them to believe demand would be futile. *See Cramer v. General Tel. & Elec. Corp.*, 582 F.2d 259, 276 (3d Cir. 1978) ("[t]he futility of making the demand required by Rule 23.1 must be gauged at the time the derivative action is commenced, not afterward with the benefit of hindsight"). The demand requirement would be rendered meaningless if a plaintiff who cannot establish demand futility when he files suit is nonetheless permitted to amend his pleading using materials later obtained during discovery to justify his failure to make a pre-suit demand.

*In re Merck & Co., Inc.*, No. CIV.A. 05-1151, 2006 WL 1228595, at *18 (D.N.J. May 5, 2006), *rev'd on other grounds*, *In re Merck & Co., Inc. Sec., Derivative & ERISA Litig.*, 493 F.3d 393, 400 (3d Cir. 2007) ("As we have stated, derivative plaintiffs are required to establish that demand would have been futile at the time they commenced litigation. A corollary of this rule is that discovery generally may not be used to supplement allegations of demand futility.") (citations omitted).

The Court agrees with these cases and concludes that discovery should not be permitted to supplement allegations of demand futility – allegations that should reflect facts known to Plaintiffs when they elected not to make a demand on First Solar's board. Exercising its discretion, the Court therefore will not permit Plaintiffs to engage in discovery at this stage of the litigation.

**C.     Schedule.**

Plaintiffs seek leave to amend their complaint. Doc. 57 at 12. Because Rule 23.1 establishes a specific pleading requirement, because Rule 15 provides that leave to amend should be freely granted, and because this case is in its early stages, the Court will permit Plaintiffs to file a second amended complaint. Plaintiffs shall file the complaint by **March 11, 2016**. Plaintiffs shall provide Defendants with a red-lined version of the complaint showing what has been amended.

Defendants shall file a motion to dismiss by **April 1, 2016**. If the Court denies the

- 5 -

motion to dismiss, it will address with the parties what additional activities should occur in this litigation, if any, pending resolution of the securities fraud action.[2]

**IT IS ORDERED** that Plaintiffs' motion to lift stay (Doc. 57) is **granted in part.**

Dated this 19th day of February, 2016.

_____
David G. Campbell
United States District Judge

---

[2] Plaintiffs request permission to conduct a Rule 26(f) conference, but the Court sees no point in such a conference at this stage when discovery will not yet be permitted. Plaintiffs ask permission to discuss document preservation with Defendants as well. But Plaintiffs' complaint has been on file since April 2012, Defendants surely understand their preservation obligations, and Plaintiffs provide no reason to believe that those obligations are not being satisfied. Preservation certainly is an issue Plaintiffs may discuss with Defendants when a Rule 26(f) conference is ultimately held in this case.