**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re First Solar Derivative Litigation. | No. CV-12-00769-PHX-DGC<br>**ORDER** |

On June 30, 2016, the Court dismissed Plaintiffs' second amended complaint for failure to make a pre-suit litigation demand. Doc. 82. This dismissal was without prejudice, but the Court indicated that any additional amendment would be contingent on Plaintiffs' payment of the attorneys' fees incurred by Defendants in litigating the motion to dismiss the second amended complaint. *Id.* at 25. In dismissing the complaint, the Court declined Plaintiffs' request to unseal evidence from the related securities fraud action, *Smilovits v. First Solar Inc.*, No. 12-CV-00555-PHX-DGC.

Plaintiffs have filed a motion for reconsideration. Doc. 83. The Court ordered Defendants to respond, Doc. 86, which they did, Doc. 88. Plaintiffs raise three issues.

First, Plaintiffs ask the Court to withdraw its ruling that Plaintiffs may not obtain certain sealed records in *Smilovits*. Plaintiffs note that they have filed a motion to intervene in *Smilovits* and a motion to unseal the records in that case, and ask the Court to withdraw any current ruling on that issue. The Court will address Plaintiffs' motion in *Smilovits* separately and after full briefing, but will not reconsider the request made in this litigation. The Court has twice concluded that Plaintiffs are not permitted to conduct discovery in support of their Rule 23.1 showing. Docs. 62 at 5, 82 at 24. Plaintiffs make

arguments in their motion for reconsideration that could have been made earlier and, therefore, do not provide a basis for reconsideration. To the extent Plaintiffs argue in their *Smilovits* motion that they have a separate and sufficient basis to obtain the records, the Court will address that argument after full briefing in *Smilovits*.

Second, Plaintiffs ask the Court to extend the September 16, 2016 deadline for filing a new complaint in this action until 30 days after the Court resolves the motions in *Smilovits*. This is not a request for reconsideration. Because the Court must rule on the *Smilovits* motion after full briefing, however, the Court will grant this request.

Finally, Plaintiffs ask the Court to reconsider its ruling that any additional amendment be made contingent on Plaintiffs' payment of attorneys' fees. The relevant portion of the Court's order stated:

> If leave to amend is granted, Defendants argue that it should be "conditioned on the plaintiff paying the defendants' attorneys' fees incurred on the initial motion to dismiss." Plaintiffs do not argue to the contrary. Given that Plaintiffs are seeking leave to file their *fourth* complaint, the Court agrees that such leave should be contingent on Plaintiffs' payment of the attorneys' fees Defendants incurred in litigating this motion. If Plaintiffs elect to file an amendment, Defendants may move for attorneys' fees pursuant to Rule 54(d)(2).

Doc. 82 at 25 (citations and quotation marks omitted; emphasis in original). Citing *International Association of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1391 (9th Cir. 1985), Plaintiffs argue that "a condition of the payment of attorneys' fees is generally unreasonable absent a finding of bad faith, prejudice, or rule violations." Doc. 83 at 13. Plaintiffs note that the Court did not make such findings in imposing the condition. *Id.*

Defendants argued that any amendment should be conditioned on payment of attorneys' fees in their motion, in their reply, and at oral argument. *See* Docs. 70 at 22; 77 at 17 n.15; 87 at 43. At no point did Plaintiffs suggest that such a condition would be improper. Motions for reconsideration are not the place to make arguments that could have been made in the original briefing. *Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

Plaintiffs argue that the Court's prior ruling contravenes the Supreme Court's guidance that "attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980). Although the Court concludes that Plaintiffs had an ample opportunity to address Defendants' suggestion that attorneys' fees should be assessed, Plaintiffs will have an opportunity to be heard if and when Defendants file a Rule 54(d)(2) motion. *See* Fed. R. Civ. P. 54(d)(2)(C). At that point, Plaintiffs can raise any arguments they may have as to why an assessment of attorneys' fees would be improper.

**IT IS ORDERED:**

1. Plaintiffs' motion for reconsideration (Doc. 83) is **denied**.
2. Plaintiffs may file an amended complaint within 30 days of the Court's decision on Plaintiffs' motion to unseal in *Smilovits*.

Dated this 4th day of August, 2016.

David G. Campbell
United States District Judge