**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re First Solar Derivative Litigation | No. CV12-00769-PHX-DGC<br><br>**ORDER** |

    Plaintiffs have filed a motion to continue the deadline for filing a fourth amended complaint. Doc. 92. Plaintiffs ask the Court to extend the deadline until 30 days after the Ninth Circuit rules on their appeal of this Court's order denying their request to intervene and obtain information filed under seal in the securities fraud action.

    The Court has noted, several times, that Plaintiffs cannot conduct discovery to establish demand futility under Federal Rule of Civil Procedure 23.1. Docs. 65 at 5; 82 at 24; 91 at 1. The Court viewed Plaintiffs' motion to intervene in the securities fraud action as an effort to avoid this rule. Doc. 413 at 7-8 (in CV12-555).

    The Court has also noted, repeatedly, that Plaintiffs should pursue a books and records review under Delaware law. Plaintiffs apparently made such a request in February, but then failed to respond for more than four months after First Solar asked that the request be more narrowly tailored. Doc. 94 at 8. First Solar later offered to permit Plaintiffs to inspect board minutes on relevant topics – minutes that may contain the very information Plaintiffs have lacked, namely, information showing board knowledge of various alleged facts – but Plaintiffs declined. *Id.* Plaintiffs have said in their most

recent briefing, and previously, that they were preparing to file an action for a books and records under Del. Code Ann., Title 8, § 220, but they have yet to commence such an action.

The Court concludes that Plaintiffs have had ample opportunity to collect the information needed to plead demand futility, if such information exists. Plaintiffs should have collected that information before filing this case some four years ago. Rule 23.1 required Plaintiffs to explain their "reasons for . . . not making the effort" to obtain board action. Fed. R. Civ. P. 23.1(b)(3)(B). Instead of alleging facts sufficient to justify their decision not to seek board action, or securing the information through the procedures of Delaware law, Plaintiffs essentially have sought discovery through the securities fraud action, something the law does not permit as a means to satisfy their Rule 23.1 burden. *See In re Merck & Co. Securities Litigation*, 493 F.3d 393, 400 (3d Cir. 2007) ("As we have stated, derivative plaintiffs are required to establish that demand would have been futile at the time they commenced litigation. A corollary of this rule is that discovery generally may not be used to supplement allegations of demand futility.") (citations omitted); *Beam v. Stewart*, 845 A.2d 1040, 1056 (Del. 2004) ("In general, derivative plaintiffs are not entitled to discovery in order to demonstrate demand futility."); *Rales v. Blasband*, 634 A.2d 927, 934 n.10 (Del. 1993) ("derivative plaintiffs . . . are not entitled to discovery to assist their compliance with Rule 23.1"). Because Plaintiffs have had sufficient opportunity to obtain needed information, the Court cannot justify delaying this case further while Plaintiffs pursue an appeal of their effort to obtain improper discovery.

**IT IS ORDERED** that Plaintiffs' motion for an extension (Doc. 92) is **denied**. The clerk is directed to terminate this action.

Dated this 29th day of November, 2016.

---
David G. Campbell
United States District Judge

- 2 -